IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY REINKE,                              )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )   Civil Action No. 15-1043
                                          )
CAROLYN COLVIN,                           )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
        Defendant.                        )

O R D E R

AND NOW, this 4th day of November, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by stating that Plaintiff's residual functional capacity assessment ("RFC") is consistent with the assessment

1

provided by Plaintiff's nurse practitioner, Sherryl D. Pavlick, C.R.N.P., when it is not. Plaintiff contends, further, that if the ALJ were to fully agree with Nurse Pavlick's opinion, then Plaintiff's RFC would be more restrictive and he would be entitled to benefits. Plaintiff concludes, essentially, that remand is necessary in this case so that the ALJ can provide a more thorough explanation of the degree to which he agrees with Nurse Pavlick's assessment. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

Specifically, Plaintiff contends that, although the ALJ stated that the RFC in his decision is consistent with the assessment provided by Nurse Pavlick, the two are not actually consistent because Nurse Pavlick found that Plaintiff had no ability to relate to co-workers or to interact with supervisors, but the ALJ's RFC provided for extremely limited interaction with co-workers and supervisors. Upon review of the ALJ's comment in its entirety, however, the Court notes that the ALJ actually explained that the RFC he formulated is consistent with the assessments from multiple medical sources—not just that from Nurse Pavlick—including the assessments from the consultative examiners and the assessments from the state agency medical and psychological reviewers. (R. 20). While Nurse Pavlick opined that Plaintiff could have no interaction whatsoever with supervisors and coworkers, other assessments that the ALJ cited found Plaintiff to have only "moderate" limitations regarding interaction with supervisors and coworkers. (R. 72, 566, 663). Nevertheless, the ALJ found that Plaintiff could have no more than incidental interaction with coworkers, and that Plaintiff could have contact with supervisors no more than twice per day. (R. 20). Thus, the ALJ concluded that Plaintiff's limitations regarding interaction with coworkers and supervisors appropriately fall somewhere between the opinions he cited—slightly less restrictive than those found by Nurse Pavlick, but much more restrictive than those found by other medical sources. Accordingly, the Court concludes that, when examined in context, the ALJ's statement—that the RFC is "consistent with" the assessments considered—clearly refers to Plaintiff's RFC being consistent with a synthesis of the assessments from the various medical sources, and not that his RFC is consistent with each individual assessment cited.

Moreover, the Court notes that the ALJ was not required to give controlling weight to any particular medical opinion in the record, including that rendered by Nurse Pavlick, because it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." <u>Chandler v. Comm'r of Soc. Sec.</u>, 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). A medical source's opinion on the ultimate issue of disability is not entitled to any special significance, and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." <u>Smith v. Comm'r of Soc. Sec.</u>, 178 Fed. Appx. 106, 112 (3d Cir. 2006).

Also, the ALJ was not required to give any particular weight to the opinion of Nurse Pavlick because, as a nurse practitioner, she is not an "acceptable medical source" for purposes of determining Social Security disability benefits. 20 C.F.R. § 404.1513(a); <u>Chandler v. Comm'r of Soc. Sec.</u>, 667 F.3d at 361-62. Moreover, the opinion of Nurse Pavlick consists solely of a pre-printed check-box form with limited space for additional comments (R. 663-65), and the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Therefore, the Court notes that the opinion of Nurse Pavlick also lacks significant discussion, explanation, or details to justify her statements contained therein. Nevertheless, despite all of these considerations, the ALJ clearly chose to give some weight to Nurse Pavlick's opinion since Plaintiff's RFC is more restrictive with regard to interaction with coworkers and supervisors than the other medical opinions suggest. The ALJ did not, however, err in declining to give Nurse Pavlick's opinion controlling weight.

In sum, upon review, the Court cannot find that remand is necessary simply so that the ALJ can more precisely define the weight he gave to the various medical source opinions in determining Plaintiff's limitations regarding interactions with supervisors and coworkers. Those limitations are clearly less extreme than the limitations found by Nurse Pavlick, but much more extensive than the limitations found by other medical sources in the record, and are thus consistent with the totality of the opinion evidence in the record on this issue. The Court therefore finds that substantial evidence supports the ALJ's consideration of the evidence presented in this case and his ultimate determination regarding Plaintiff's RFC. Accordingly, the Court affirms.